**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3846
_____

PATRICIA FRANK,
                                    Appellant

v.

THE PNC FINANCIAL SERVICES GROUP, INC.


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-12-cv-00034)
District Judge: Hon. Sean J. McLaughlin

_____


Submitted pursuant to Third Circuit LAR 34.1(a)
October 27, 2014

Before: McKEE, *Chief Judge*, GREENAWAY, JR., and
KRAUSE, *Circuit Judges*

(Opinion filed: March 18, 2015)


_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Chief Judge*.

Patricia Frank appeals the district court's grant of summary judgment to The PNC

Financial Services Group ("PNC") on her claims that PNC's termination of her

employment with PNC violated the Age Discrimination in Employment Act ("ADEA"),

29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

12101, *et seq.* We will affirm.

The facts of this case are recited in the district court's opinion and need not be

repeated here. *Frank v. The PNC Fin. Servs. Grp.*, 2013 WL 4432857 (W.D. Pa. Aug.

15, 2013).

In the absence of direct evidence of age or disability discrimination, the district

court properly applied the familiar burden shifting analysis of *McDonnell Douglas Corp.*

*v. Green*, 411 U.S. 792 (1973).[1] The court concluded that Frank could establish a *prima*

*facie* case of age discrimination. The burden then shifted to PNC to articulate some

legitimate nondiscriminatory reason for Frank's termination. The district court found that

PNC met that burden by claiming that it terminated Frank for violating its policy

prohibiting force balancing. PNC having met that burden, the burden rebounded to Frank

to show by a preponderance of the evidence that PNC's proffered explanation for her

termination was pretextual. In its thorough and well-reasoned opinion, the district court

---

[1] The *McDonnell Douglas* analysis applied to claims of employment discrimination under Title VII of the Civil Rights Act of 1964 is also applied to claims of employment discrimination under the ADEA and the ADA. *See, e.g., Colwell v. Rite Aid Corp.*, 602 F.3d 495, 500 n.3 (3d Cir. 2010); *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009); *Matczak v. Frankford Candy and Chocolate Co.*, 136 F.3d 933, 938 (3d Cir. 1997); *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

fully and completely explained why Frank failed to raise a genuine issue of material fact regarding pretext. Therefore, the district court granted summary judgment to PNC on Frank's ADEA claim. 2013 WL 4432857 at *6-9. We are in complete agreement with the district court's explanation and holding that Frank failed to raise a triable issue of fact relative to pretext. Accordingly, we will affirm the district court's grant of summary judgment to PNC on Frank's ADEA claim substantially for the reasons set forth in the district court's opinion.

The district court found that Frank failed to make out a *prima facie* case of disability discrimination under the ADA because she failed to present any evidence that the relevant decision-makers were aware of her claim that she had multiple sclerosis. Thus, the district court granted summary judgment to PNC on Frank's ADA claim. 2013 WL 4432857 at *9-10. We will also affirm the district court's grant of summary judgment on that claim substantially for the reasons set forth in the district court's opinion.